IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EMERSON OSBORNE                                                                                    PETITIONER

V.                                                                                      NO. 4:23-CV-199-DMB-DAS

MR. MARCUS MCCLURE                                                                         RESPONDENT

## ORDER

On or about October 26, 2023, Emerson Osborne filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi.[1] Doc. #1. In the petition, Osborne challenges his conviction and sentence for capital murder in the Circuit Court of Bolivar County. *Id.* at 1.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

---

[1] On November 1, 2023, Osborne filed a signed copy of page 14 of the petition, explaining that "upon review of [his] submitted petition," he "notic[ed] that page (14) was not sign[ed]." Doc. #5.

Osborne has filed at least one unsuccessful § 2254 petition challenging his Bolivar County Circuit Court conviction. *See Osborne v. King*, No. 2:12-cv-55, 2014 WL 3735592, at *13 (N.D. Miss. July 28, 2014), *aff'd*, 617 F. App'x 308 (5th Cir. 2015), *cert. denied*, 577 U.S. 987 (2015). Osborne's present petition is thus successive and he has not obtained authorization to pursue it. So in the interest of justice and judicial economy, Osborne's petition and the entire record in this case is **TRANSFERRED** to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C); 28 U.S.C. § 1631; and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). This case is **CLOSED**.

**SO ORDERED**, this 17th day of November, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**